UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY M. MEYERS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01329 ERW |
| ) | |
| EUGENE STUBBLEFIELD, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Joint Motion for Summary Judgment [doc. #18].

**I. BACKGROUND FACTS**

Plaintiff Jeffery Meyers was incarcerated at the St. Louis City Justice Center pending trial for charges of robbery, armed criminal action, and forcible sodomy. He had been incarcerated for a little over a month at the time of the incident at issue. On May 27, 2006, Plaintiff and his cell mate, Darrell Nelson, were involved in a physical altercation. Later that same day, after returning to their cell following dinner, at approximately 6:00 p.m., Nelson violently sexually assaulted Plaintiff. During the assault, Plaintiff pushed the emergency intercom button, however, no one responded to the request for assistance.

Later that evening, at approximately 7:40 p.m., Correctional Officer Federhoffer returned to the housing unit where Plaintiff was located to allow the inmates out of their cells. At this time, Plaintiff reported the incident to Officer Federhoffer. Officer Federhoffer called her supervisor, Lieutenant Semoure, who then escorted Plaintiff to the medical unit. Plaintiff was

1

taken to Barnes-Jewish hospital where a rape kit was performed. A report of the assault was also filed with Detective Weiner of the St. Louis Police Department's Sexual Assault Unit. Following this incident Plaintiff was temporarily placed in a private cell.

## II. PROCEDURAL HISTORY

As a result of the above incident, Plaintiff Jeffery M. Meyers filed suit against Defendants Eugene Stubblefield, Carl Gilmore, Leonard Edwards, Reginald Moore, and Jerome Fields, alleging a violation of 42 U.S.C. § 1983 for failing to protect Plaintiff from an attack by a fellow inmate. On June 14, 2007, Defendants filed a Joint Motion for Summary Judgment. That motion is now fully briefed, and the Court will address it at this time.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the

non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**IV. DISCUSSION**

Plaintiff alleges that Defendants are liable for failing to protect him against the actions of his cell mate. He basis these allegations on Defendants failure to follow the Inmate Handbook,

3

and failure to respond to the emergency intercom. Defendants dispute that there is any liability as Plaintiff has failed to provide any evidence that the Defendants had notice of a potential threat of harm to Plaintiff. The Court notes that Plaintiff has not filed a statement of disputed material facts, nor has he presented any evidence in support of his arguments.[1] *See* Fed. R. Civ. P. 56. However, as the Plaintiff is proceeding *pro se* the Court will address the merits of the claims alleged in his complaint, and in his response in opposition to Defendants' motion for summary judgment.

A claim for failure to protect is ordinarily brought under the Eighth Amendment of the United States Constitution. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 377 (8th Cir. 1992). However, "in evaluating the constitutionality of conditions or restrictions of pretrial detention . . . proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While the Eighth Amendment is not directly applicable to pretrial detainees "it is now well settled 'that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety.'" *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007) (quoting *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)).

"The Supreme Court has held that the Eighth amendment requires prison officials to take 'reasonable measures to guarantee the safety of inmates [and] . . . to protect prisoners from

---

[1]Plaintiff has quoted portions of the City Justice Center Inmate Handbook, however, the Court has not been provided with a copy of this publication.

violence at the hands of other prisoners.'" *Crow v. Montgomery*, 403 F.3d 598, 601-602 (8th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)) (alterations in original).

> To prevail in a suit under 42 U.S.C. § 1983 . . . an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates.

*Falls*, 966 F.2d at 377-378 (internal quotations omitted). The Eighth Circuit has distilled these requirements into a two prong test: "an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." *Id.* at 378 (citing *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991)).

The first step of the two-prong test, articulated above, requires a finding that an inmate was faced with a pervasive risk of harm. The undisputed facts in this case show that the incident was an isolated occurrence. *See Falls*, 966 F2d at 378 ("[A] 'pervasive risk of harm' may not ordinarily be shown by pointing to a single incident or isolated incidents . . .."). In *Falls*, the Court concluded that because the plaintiff could not show that sharing a cell with his attacker posed a sufficient threat to plaintiffs' safety, the first prong of the inquiry was not satisfied. *Id.* The Eighth Circuit specifically found that "[a] pervasive risk of harm requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures." *Id.* Plaintiff did not report any concern to any prison officials prior to the incident at issue, and when the incident was reported, Plaintiff immediately received medical attention and was placed in an individual cell. Therefore, Plaintiff cannot satisfy the first prong of the two-prong test.

5

Defendants rely exclusively on the argument addressed above, that there was no advanced warning to prison staff that Plaintiff's cell mate posed a threat to Plaintiff. However, Defendants do not address Plaintiff's assertion that Plaintiff pressed the emergency intercom button during the incident, and yet no one responded. While the Court questions the purpose of such an intercom if it is not monitored, it does not change the conclusion reached above. Regardless of the reasonableness of Defendants' actions in failing to respond to the emergency intercom button, Plaintiff's claim cannot succeed because the first prong is not satisfied. The failure to respond to the emergency button would go to the reasonableness of Defendants' response to that risk, not to whether Defendants were aware of a pervasive risk of harm. *See Falls*, 966 F.3d at 378.

Lastly, the Court addresses Plaintiff's argument that Defendants were reckless in failing to follow the Inmate Handbook guidelines. Specifically, Plaintiff argues that the handbook requires "continuous staff supervision by officers who monitor inmates from their post inside the housing unit." *Pl.'s Response in Opposition to Defs.' Mot. for Summ. Judg.*, 2. Plaintiff alleges that there were no staff present in the housing unit at the time of the incident. Defendants' do not directly respond to Plaintiff's allegations on this point. In order for these allegations to support relief on the basis of deliberate indifference to Plaintiff's safety, the facts must show that the Defendants "disregard[ed] a risk of danger so substantial that knowledge of the danger can be inferred. Such disregard is tantamount to intending that the injury occur." *Smith v. Ullman*, 874 F.Supp. 979, 983 (D. Neb. 1994) (citing *Duckworth v. Frenzen*, 780 F.2d 645, 652 (7th Cir. 1985)). The Eighth Circuit in *Hott v. Hennepin County, Minnesota*, found that a claim for deliberate indifference could be based upon a showing that the Defendants were aware of the policies that were in place, and that they were aware that the purpose of these policies was to prevent harm to the inmates. 260 F.3d 901, 906-907 (8th Cir. 2001) ("We must also consider . . . whether the

plaintiff has produced evidence sufficient to allow her to proceed on the theory that Reider's [correctional officer] conduct amounted to deliberate indifference to the safety of the inmates in the special needs cell block in general, including the risk of suicide.").

The Court recognizes that the failure to abide by prison policies, coupled with the knowledge that the purpose of those policies is to protect the safety and well-being of the inmates, would be sufficient to support a finding of deliberate indifference. *Hott*, 260 F.3d at 907. Therefore, the Court concludes that allegations, such as those asserted by Plaintiff, can form the basis for relief under the Fourteenth Amendment's prohibition against deliberate indifference to an inmate's safety. Clearly Plaintiff has satisfied the standard necessary to survive a motion to dismiss, however, the matter is before the Court on Defendants' motion for summary judgment. On summary judgment, the initial burden is placed on the moving party to demonstrate that there is no genuine issue of material fact. *City of Mt. Pleasant, Iowa*, 838 F.2d at 273. Defendants have presented no evidence, nor argument, to support a ruling in their favor. They have completely failed to address Plaintiff's allegation that Defendants' failure to follow the institution's policies showed deliberate indifference to the safety of inmates, such as Plaintiff, thus attaching liability to Defendants' actions. Therefore, Defendants are not entitled to summary judgment on Plaintiff's claim of deliberate indifference to Plaintiff's safety.

## V. CONCLUSION

The Court concludes that Defendants are correct that Plaintiff cannot show that the named Defendants had knowledge of a pervasive risk of harm specifically resulting from Plaintiff's cell mate. However, Defendants have not shown that the policies outlined in the inmate handbook cannot be the basis of a claim for deliberate indifference. Plaintiff has alleged that the prison, and specifically the named Defendants, had knowledge of the policies, as well as knowledge of the

purpose of those policies to protect the inmates, and yet failed to abide by those policies, or to instruct the correctional officers working in the Plaintiff's housing unit to abide by those policies. Therefore Defendants' pending motion for summary judgment is denied. Due to Defendants failure to address this claim, the Court will give the Defendants an additional twenty (20) days to file a supplemental motion for summary judgment addressing Plaintiff's claim of deliberate indifference on the basis of the prison's failure to follow the proscribed policy guidelines, if Defendants elect to do so. Failure to do so will result in denial of Defendants' Motion for Summary Judgment on this point. The Parties shall then follow the standard briefing schedule.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Summary Judgment [doc. #18] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that a Second Motion for Summary Judgment shall be filed no later than **March 21, 2008**, if Defendants elect to file such a motion; a Brief in opposition shall be filed within twenty (20) days; and any Reply Briefs shall be filed within five (5) days thereafter.

Dated this 28th Day of February, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE